IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IVAN CLEVELAND,

    Petitioner,

v.

STATE OF CALIFORNIA, et al.,

    Respondents.

No. C 14-0462 SBA (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

    This case was commenced when Petitioner filed a document captioned "Petition For A Writ of Habeas Corpus." Dkt. 1. Petitioner also seeks leave to proceed in forma pauperis, which is now granted. Dkt. 4.[1]

    The instant petition does not challenge either the fact of Petitioner's conviction or the length of his sentence. Rather, it pertains to the conditions of Petitioner's confinement. Such claims are typically presented in a civil rights action. See Moran v. Sondalle, 218 F.3d 647, 650-52 (7th Cir. 2000); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

    The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that a habeas action is an improper vehicle to address claims based on the prisoner's conditions of confinement. Ramirez v. Galaza, 334

---

[1] Petitioner previously filed a habeas corpus action challenging his 2000 conviction and sentence rendered in the Los Angeles County Superior Court, which is in the venue of the Central District of California. See Case No. C 12-5298-SBA (PR). That action was transferred to the Western Division of the United States District Court for the Central District of California. Dkt. 6 of Case No. C 12-5298 SBA (PR).

1  F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper,
2  where a successful challenge to a prison condition will not necessarily shorten the prisoner's
3  sentence.").

4      A district court may construe a habeas petition attacking conditions of confinement as
5  a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251
6  (1971), but is not required to do so. Since the Wilwording case, there have been notable
7  changes in the law. For instance, the filing fee for a habeas petition is $5.00; if leave to
8  proceed in forma pauperis is granted, the fee is forgiven. In civil rights cases, however, the
9  applicable fee is $400.00. Under the Prisoner Litigation Reform Act, the prisoner is required
10 to pay the entire amount. Even if granted leave to proceed in forma pauperis, the prisoner
11 must still pay the $350.00 filing fee (though not the $50.00 administrative fee), by way of
12 deductions from his or her prisoner account. In addition, the pleading forms applicable to
13 habeas actions are different than for a civil rights action. Thus, information that is important
14 in a civil rights case (such as whether the prisoner fully exhausted his claims) is not included
15 in a habeas form petition. Given these distinctions, the Court finds that the preferable course
16 of action is to dismiss the action without prejudice to Petitioner filing a civil rights action if
17 he wishes to do so in light of the above. Accordingly,

18     IT IS HEREBY ORDERED THAT the instant action is DISMISSED without
19 prejudice to refiling as a civil rights action. The Clerk shall send Petitioner a blank civil
20 rights form and the Court's prisoner in forma pauperis application form along with his copy
21 of this Order. This Order terminates Docket No. 4.

22     IT IS SO ORDERED.

23 DATED: 5/5/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge